IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN L. JONES | : | |
| | : | |
| v. | : | Civil No. CCB-11-793 |
| | : | |
| CAROLANE WILLIAMS, *et al*. | : | |

**MEMORANDUM**

Steven L. Jones has sued Dr. Carolane Williams, Kim James, Tony Warner, Garland Williamson, Bryan Perry, and Maureen David. While it is not completely clear, Mr. Jones appears to brings suit pursuant to Title VII of the Civil Rights Act of 1964 and the Fair Labor Standards Act (FLSA) alleging that he was wrongfully denied overtime and shift differential pay and also that he was retaliated against for complaining about this alleged discrimination. Mr. Jones claims he was illegally reclassified as an exempt employee while a white employee performing the same functions continued to receive overtime and shift differential pay as a non-exempt employee. Defendants have filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss. The issues in this motion have been fully briefed, and no hearing is necessary. *See* Local Rule 105.6. For the reasons stated below, the defendants' motion to dismiss will be granted as to the Title VII claim, but denied as to the FLSA claim. The court will grant Mr. Jones leave to amend the complaint to name the proper defendant for the Title VII claim and to allege additional facts to establish the named defendants' liability under the FLSA.

## BACKGROUND

Mr. Jones has been employed by the Baltimore City Community College (BCCC) Police Department since June 30, 2008.  Mr. Jones alleges that he received overtime pay for the first 12 months of his employment and shift differential pay for the first 24 months of his employment. ECF 15, at 1 (Request for Denial of Motion to Dismiss); *see also id.*, Ex. 12 (copy of Mr. Jones's December 2008 employee earning statements showing shift differential and overtime pay).

In February 2010, Mr. Jones was required to work overtime when two blizzards hit the Baltimore area.  ECF 9, Ex. 1, at 2 (Defendants' Motion to Dismiss).  On that occasion, Mr. Jones remained continuously on duty at BCCC for several days, thus accruing "a considerable amount of hours above the standard forty hour work week."  *Id.*; *see also* ECF 1, at 3 (Complaint).  Although the BCCC Public Safety Department authorized the payment of overtime to some employees, Mr. Jones received no overtime compensation.  ECF 9. Ex. 1, at 2.  Mr. Jones was informed that he was not authorized to receive overtime payment because he was classified as an exempt employee.  ECF 15, at 1.

Mr. Jones alleges that he was wrongfully classified as an exempt employee and that his white counterpart, who holds the same position and performs the same duties, is classified as a nonexempt employee and therefore eligible for overtime pay.  *Id.*, at 2.  He further alleges that he has been subject to "racial discrimination, bullying/intimidation tactics and an overall hostile working environment" in retaliation for filing a grievance about the denial of his overtime pay. *Id*.  Defendants claim that Mr. Jones has been classified as an exempt employee since he was hired, and therefore was never eligible for overtime and shift differential pay.  ECF 9, Ex. 1 at 2. Moreover, defendants move to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) on the

grounds that the complaint fails to set forth the statutes upon which Mr. Jones bases each of his counts and that none of the statutes or common law causes of action upon which Mr. Jones predicates his claims for relief provides a basis for individual liability.

## ANALYSIS

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).  Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

The defendants claim that the complaint must be dismissed because they are not amenable to suit under Title VII. As they contend, the Fourth Circuit has held that individual employees are not liable in their individual capacities for violations of Title VII. *See Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 180-81 (4th Cir. 1998); *accord Arbabi v. Fred Meyers, Inc.*, 205 F.Supp.2d 462, 464 (D. Md. 2002) ("[N]o Title VII claim lies against an individual supervisor."). Title VII defines the term "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). Interpreting that language, *Lissau* and subsequent cases have held that employees and supervisors are not amenable to suit under Title VII. In so finding, these cases have concluded that the "inclusion of 'agent' [in the Title VII statute] did not signal a congressional desire to impose liability on individual supervisors. Instead, it simply represented 'an unremarkable expression of respondeat superior – that discriminatory personnel actions taken by an employer's agent may create liability for the employer.'" *Lissau*, 159 F.3d at 180 (*citing Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994)); *see, e.g., Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) ("We have expressly held that Title VII does not provide a remedy against individual defendants who do not qualify as 'employers.'").[1]

Mr. Jones's complaint identifies all of the defendants as *employees* of BCCC, and the

---

[1] For this reason, it is immaterial whether the complaint identifies the defendants in their individual or official capacities. Either way, the named defendants do not qualify as "employers," as contemplated by Title VII.

employer itself, BCCC, is not a named defendant. Accordingly, the complaint must be dismissed as to the Title VII claim because the named parties are not proper defendants.

The question of defendants' liability under the FLSA is a closer one. The term "employer" is defined more broadly in the FLSA than in the Title VII statute. The FLSA provides that an "employer" is "any person acting directly or indirectly in the interests of an employer in relation to any employee." 29 U.S.C. § 293(d). The employing entity (in this case, BCCC) would face liability under both the FLSA and Title VII, but individuals who would not be liable under Title VII may face liability under the FLSA. In *Falk v. Brennan*, the Supreme Court described the FLSA's definition of employer as "expansive[]," and found that a defendant qualified as an "employer" under the statute because the defendant had extensive managerial responsibilities and "substantial control of the terms and conditions of the work of [plaintiff] employees." *Falk v. Brennan*, 414 U.S. 190, 195 (1973) (cited in *Benshoff v. City of Virginia Beach*, 180 F.3d 136, 141 (4th Cir. 1999)).[2] More recently, in *Brock v. Hamad*, the Fourth Circuit found that a defendant manager was liable for FLSA violations as an "employer" because "he hired and directed the employees who worked for the enterprise." 867 F.2d 804, 808 n.6 (4th Cir. 1989).

Mr. Jones states that he has been "illegally reclassified . . . by the defendants" and alleges that "they are senior employees of the college and act on the college's behalf." ECF 15, at 2, 3. However, Mr. Jones does not provide sufficient information about each defendant's professional

---

[2] Although the Fourth Circuit has not squarely addressed the issue and there has been some disagreement among the courts that have considered the issue, FLSA appears to impose individual liability on public agency employees under some circumstances. *See, e.g., Fraternal Order of Police Barkley Lodge v. Fletcher*, 618 F. Supp. 2d 712, 721 (W.D. Ky. 2008) ("The simplest and plain reading of the FLSA leads the Court to conclude that public employees who act directly or indirectly in the interest of an employer, including a public agency employer, in relation to an employee, may be held individually liab[le] under the FLSA.").

duties and the extent of each defendant's control over his employment conditions for this court to determine whether liability should attach under the FLSA. For their part, defendants have been silent as to their FLSA liability.

Given Mr. Jones's pro se status, he will be granted an opportunity to file an amended complaint naming his employers(s) as the defendant(s) for the purposes of Title VII and the FLSA.

## **CONCLUSION**

For all of the reasons set forth above, Defendant's motion to dismiss will be granted as to the Title VII claim against the individual defendants, but denied without prejudice as to the FLSA claim. Mr. Jones will be granted leave to amend the complaint to name his employer, BCCC, as a defendant in both claims and allege the necessary facts to establish the "employer" status of any individual defendant he seeks to keep in the case under the FLSA.

A separate order follows.

October 24, 2011  /s/
Date  Catherine C. Blake
  United States District Judge