## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

STEVEN L. JONES                                    :
                                                   :
                                                   :
     v.                    :       Civil No. CCB-11-793
                                                   :
                                                   :
CAROLANE WILLIAMS, *et al.*                        :
                                                   :

## MEMORANDUM

Having never raised the issue in any previous filing, the defendants, BCCC and

employees of the college in their official capacities, now assert that they are entitled to Eleventh

Amendment immunity and, thus, that this court lacks jurisdiction over Jones's FLSA claim. In

their Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59(e), the defendants have, for

the first time, alerted the court to a set of statutes, Md. Code Ann., Educ., § 16-501 *et seq.*, that

govern BCCC differently from the state's other community colleges. For the reasons set forth

below, the defendants' new argument requires dismissal of Jones's FLSA claim on Eleventh

Amendment grounds.

Under Rule 59(e), the court may alter or amend a previous judgment in order to, among

other reasons, "correct a clear error of law." *E.E.O.C. v. Lockheed Martin Corp.*, 116 F.3d 110,

112 (4th Cir. 1997). As the court explained in its September 25, 2012, Memorandum, the

defendants have failed to demonstrate that their overtime policies with respect to Jones do not

violate the FLSA. Generally, the State of Maryland recognizes the rights of its employees under

the FLSA. *See* Md. Code Ann., State Pers. & Pens., § 2-303(a) ("The State recognizes the rights

and protections afforded to its employees under federal law."); § 8-302 (employees under the

1

salary authority of the Secretary of Budget & Management are to be compensated for overtime "in accordance with the federal Fair Labor Standards Act"). As Jones points out, Maryland's own State Higher Education Labor Relations Board has recognized a claim very similar to his own (under state labor law). *See Bowie State v. Maryland Classified Employees Assoc., Inc.*, S.H.E.L.R.B. Case No. 2001-12/01, Opinion No. 13 (Oct. 7, 2002).

Nevertheless, Congress has not validly abrogated state Eleventh Amendment immunity with respect to the FLSA, so a state employee may pursue a claim under the Act only if the state has waived immunity with respect to such claims. *See Abril v. Com. of Virginia*, 145 F.3d 182, 189 (4th Cir. 1998). This court's previous conclusion that Md. Code Ann., Cts. & Jud. Proc., § 5-519, waived BCCC's Eleventh Amendment immunity to a limited extent was, apparently, incorrect. The defendants now point to § 16-509 of the Education Article which exempts BCCC from the liability statute governing the state's other community colleges, § 16-607, upon which § 5-519 relies. Because BCCC is a state institution of higher education, Md. Code Ann., Educ., § 16-503(b), and no other statute appears to waive its Eleventh Amendment immunity with respect to FLSA claims, this court does not have jurisdiction over BCCC with regard to the FLSA. *See Palotai v. Univ. of Md. College Park*, 959 F. Supp. 714, 718-19 (D. Md. 1997). Accordingly, Jones's remaining claim must be dismissed. *See Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 227 (4th Cir. 1997) ("[A] court ought to consider the issue of Eleventh Amendment immunity at any time, even *sua sponte*.") A separate order follows.

| | |
|---|---|
| _____11/16/12_____ | _____/s/_____ |
| Date | Catherine C. Blake |
| | United States District Judge |